IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16CV611

| | |
|---|---|
| SYNERGY INSURANCE COMPANY, ) ) Plaintiff, ) ) Vs. ) UNIQUE PERSONNEL CONSULTANTS, INC., ) and TEAM COMPANY d/b/a STAFFQUICK, ) ) Defendants. ) ) | ORDER |

This matter is before the Court upon Defendant Team Company's Motion to Dismiss for Lack of Personal Jurisdiction and Plaintiff's Motion to Strike or, in the Alternative, for Leave to File Sur-reply. These motions are fully briefed and ripe for disposition.

### I. Factual Background

Plaintiff Synergy Insurance Company ("Synergy") is a Charlotte, North Carolina insurance company that provides workers compensation insurance to employers. Plaintiff filed this lawsuit against its customer Defendant Unique Personnel Consultants, Inc. ("UPC"), an Illinois corporation that offers staffing services in Illinois and Indiana. Plaintiff provided UPC with workers compensation insurance coverage and administration for two years. Plaintiff alleged that UPC stopped paying Synergy premiums and stopped reimbursing Synergy for the deductible amounts advanced on its behalf. Plaintiff is seeking recovery of amounts due under the policies. UPC moved to dismiss for lack of personal jurisdiction and this Court denied that motion on December 13, 2016.

1

On July 18, 2017, Plaintiff amended its Complaint to add Team Company as a Defendant. Plaintiff's First Amended Complaint alleges that Team Company is the successor to UPC and thus stands in the shoes of UPC for purposes of personal jurisdiction analysis. *See City of Richmond, Va. v. Madison Mgmt. Grp., Inc*., 918 F.2d 438, 454–55 (4th Cir. 1990). Team Company has moved to dismiss for lack of personal jurisdiction, asserting that it is not the successor corporation to UPC and is not otherwise subject to personal jurisdiction in this Court.

**II. Discussion**

"The great weight of persuasive authority permits imputation of a predecessor's actions upon its successor *whenever* forum law would hold the successor liable for its predecessor's actions." *Id*. at 454 (internal quotation marks omitted) (emphasis in original). In *City of Richmond*, the successor company argued that although the predecessor company had committed sufficient acts within Virginia to support personal jurisdiction over the predecessor, the court could not assert jurisdiction over the successor merely because it purchased the predecessor's assets. *See id*. The Fourth Circuit disagreed and concluded that the district court properly asserted personal jurisdiction over the defendant under a theory of successor liability. The court reasoned that "[a]ny other ruling would allow corporations to immunize themselves by formalistically changing their titles." *Id*. at 455; *see also Leonard v. Bed, Bath & Beyond, Inc*., No. 5:15-CV-00284-F, 2016 WL 158587, at *3 (E.D.N.C. Jan. 8, 2016). ("Nonetheless, the court notes that it may exercise personal jurisdiction over a successor corporation to the extent that such jurisdiction exists over its predecessor corporation.") As the Court has already determined that it has personal jurisdiction over UPC, the only issue is whether in Team Company is a successor to UPC and thus stands in UPC's shoes for purposes for personal jurisdiction.

Where, as here, the court rules on a 12(b)(2) motion relying on the complaint, briefs, and affidavits alone, without conducting an evidentiary hearing, the burden is on the plaintiff to make a *prima facie* showing that personal jurisdiction exists. *Mylan Laboratories, Inc. v. Akzo, N.V.*, 2 F.3d 56, 59-60 (4th Cir. 1993). As for the facts, "the court must construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction." *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989).

Courts in both North Carolina and Illinois[1] have recognized numerous circumstances in which an entity that succeeds to the assets of a company also succeeds to its liabilities. Thus, successor liability exists "(1) where there is an express or implied agreement by the purchasing corporation to assume the debt or liability; (2) where the transfer amounts to a *de facto* merger of the two corporations; (3) where the transfer of assets was done for the purpose of defrauding the corporation's creditors; or (4) where the purchasing corporation is a 'mere continuation' of the selling corporation in that the purchasing corporation has some of the same shareholders, directors, and officers." *G.P. Publ'ns, Inc. v. Quebecor Printing*, 481 S.E.2d 674, 679 (N.C. Ct. App. 1997); *see also Steel Co. v. Morgan Marshall Indus., Inc.*, 662 N.E.2d 595, 599 (Ill. App. Ct. 1996) (describing the same four exceptions under Illinois law). Here, Synergy's First Amended Complaint alleges facts that establish successor liability under the second, third, and fourth circumstances described by the courts in *G.P. Publications* and *Steel Company*.

Team Company has submitted an affidavit of Dixie Ladd, its majority shareholder and sole director, refuting some of the allegations that Team Company is the successor to UPC and stating that Team Company purchased the assets of UPC pursuant to an asset sale conducted by

---

[1] Successor liability is recognized in both North Carolina and Illinois, the state of Team Company's incorporation, and the elements in both states are functionally identical.

the IRS. Team Company also submitted a supplemental affidavit of Ms. Ladd with its Reply brief indicating that it has an ongoing dispute with the Illinois Department of Employment Services with regard to whether Team Company bears any successor liability for the obligations of UPC. Plaintiff, in a separate motion, seeks to strike the supplemental affidavit along with its 39 pages of supporting documents as untimely because it was not submitted with Team Company's original brief, in violation of Rule 6(c)(2) of the Federal Rules of Civil Procedure. In the alternative, Plaintiff requests leave to file a sur-reply to address issues that Team Company raised for the first time in its Reply and supplemental affidavit. While the supplemental affidavit was clearly untimely, the Court, in its discretion, will allow it but will also allow Plaintiff the opportunity to file its sur-reply.[2]

Where, as here, "the existence of jurisdiction turns on disputed factual questions, the court may resolve the challenge on the basis of a separate evidentiary hearing, or may defer ruling pending receipt at trial of evidence relevant to the jurisdictional question." *Combs v. Baker*, 886 F.2d 673, 676 (4th Cir. 1989). However, when the jurisdictional facts are so intertwined with issues going to the merits of the dispute, the preferred course is to require only a *prima facie* showing of personal jurisdiction and to defer a full hearing on the facts until trial. *See Adams v. Bain*, 697 F.2d 1213, 1220 (4th Cir. 1982) (reversing district court's denial of subject matter jurisdiction after evidentiary hearing and remanding for resolution "only after a full trial"); *see also* 2 James Wm. Moore, *et al*. *Moore's Federal Practice* ¶ 12.31[5] (3d ed. 2017).

The Court finds that Plaintiff's First Amended Complaint makes out a *prima facie* showing of personal jurisdiction over Team Company as the successor corporation to UPC. In

---

[2] Plaintiff's proposed Sur-reply is attached as Exhibit A to its Motion.

4

its responsive brief (Doc. No. 41), Synergy cataloged the numerous, specific factual allegations in its Amended Complaint that established successor liability between UPC and Team Company. (*Id*. at 7-8.) Synergy pointed out, for example, that UPC and Team Company shared the same headquarters, satellite branches, website content and phone numbers; that the transaction by which UPC sold all of its assets to Team Company—headed by a UPC insider— was accomplished within just weeks of UPC's having been served with Synergy's Amended Complaint; and that Team Company paid inadequate consideration of the purchase of UPC's considerable assets. (*Id*.) Taken as a whole, these extensive factual allegations amply make out a *prima facie* showing of personal jurisdiction. Of course, Team Company is free to raise this issue again at trial.

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss for lack of personal jurisdiction is hereby DENIED at this time;

IT IS FURTHER ORDERED that Plaintiff's Motion to Strike is hereby DENIED, but Plaintiff may file its Sur-reply.

Signed: November 14, 2017

Graham C. Mullen
United States District Judge