# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## Civil Action No.: 3:16 CV 00611

| | |
|---|---|
| **SYNERGY INSURANCE COMPANY,** | |
| Plaintiff, | |
| v. | **ORDER** |
| **UNIQUE PERSONNEL CONSULTANTS, INC.,** | |
| Defendant. | |

**THIS MATTER** is before the Court on Plaintiff Synergy Insurance Company's ("Synergy") Motion for Summary Judgment (Doc. No. 57) and Memorandum in Support (Doc. No. 58) against Defendant Unique Personnel Consultants, Inc. ("UPC"). For the reasons set forth below, the Motion is **GRANTED**.

## I. BACKGROUND

Synergy's Amended Complaint alleges that UPC and Defendant Team Company d/b/a StaffQuick ("StaffQuick") failed to pay premiums when due and failed to reimburse Synergy for deductible amounts paid on UPC's behalf. (Doc. No. 26) Synergy contends these actions constituted a breach of contract. (*Id.*) Synergy's claims against StaffQuick have been voluntarily dismissed and are not at issue for purposes of Syngery's Motion for Summary Judgment against UPC.

In August 2017, UPC filed its Answer to the Amended Complaint. (Doc. No. 32) The Court permitted UPC's attorneys to withdraw as counsel of record later that same month. (Doc. Nos. 38, 40) The Court granted UPC 28 days to file substitute appearances (Doc. No. 38), but UPC has not filed any such appearance with the Court.

In August 2018, Synergy filed a Motion for Summary Judgment against UPC (Doc. No. 57) and Memorandum in Support (Doc. No. 58). UPC has not filed a response to this motion. UPC additionally failed to appear for a properly noticed status conference before the Court following submission of Synergy's motion for summary judgment. (November 27, 2018 Minute Entry)

## II. LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). If a party fails to properly address another party's assertion of fact, the Court may "consider the fact undisputed for purposes of the motion" or "grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it." Fed. R. Civ. P. 56(e).

## III. DISCUSSION

In support of its Motion for Summary Judgment, Synergy contends that the following facts are undisputed:

1. On or about July 1, 2014, Synergy issued a Workers Compensation and Employers Liability Insurance Policy to UPC, effective for the period from July 1, 2014 to July 1, 2015 (the "2014 Policy"). (Pl. Mot. Summ. J., Attach. 1, Grant Aff. ¶ 3) On or about July 1, 2015, Synergy issued a new Workers Compensation and Employers Liability Insurance Policy to UPC, which was intended to be effective for the period from July 1, 2015 to July 1, 2016 (the "2015 Policy"). Pursuant to the 2015 Policy, UPC was to remit premium payments to UPC on a monthly basis for the entire term of the policy. (*Id.* ¶ 4.)

2. Pursuant to the 2014 Policy and the 2015 Policy (the "Policies"), Synergy insured UPC against losses resulting from workers compensation claims made by individuals employed through its employment staffing agency. Synergy advanced amounts relating to workers compensation claims and was to be reimbursed up to the per-occurrence deductible amount by UPC. Under the 2015 Policy, for example, the per-occurrence deductible amount was $30,000. (*Id.* ¶ 5.)

3. Synergy also billed UPC monthly for deductible amounts that Synergy advanced on UPC's behalf during the prior month. UPC was to remit payment for deductible amounts to Synergy on a monthly basis. (*Id.* ¶ 6.) UPC failed to pay all premium payments due to Synergy under the 2015 Policy. UPC failed to pay premiums in the total amount of $110,806.00, all of which was due on or before July 1, 2016. (*Id.* ¶ 7.)

4. UPC further failed to pay all assessments and fees due in relationship to the premium payments under the 2015 Policy, which total $6,629.00 and were likewise due on or before July 1, 2016. (*Id.* ¶ 8.) UPC additionally has failed to pay $937,485.98 in incurred and billed deductible amounts. Those amounts were due pursuant to the following schedule:

| Item | Due Date | Amount |
| --- | --- | --- |
| 2015 Policy Premiums | 9/23/2016 | $110,806.00 |
| 2015 Policy Assessments & Fees | 9/23/2016 | $6,629.00 |
| May 2016 Deductibles | 6/15/2016 | $107,998.01 |
| June 2016 Deductibles | 7/15/2016 | 62,851.76 |
| July 2016 Deductibles | 8/15/2016 | 74,056.18 |
| August 2016 Deductibles | 9/15/2016 | 84,217.79 |
| September 2016 Deductibles | 10/15/2016 | 63,854.99 |
| October 2016 Deductibles | 11/15/2016 | 115,934.13 |
| November 2016 Deductibles | 12/15/2016 | 47,386.83 |

| | | |
|---|---|---|
| December 2016 Deductibles | 1/15/2017 | 23,624.24 |
| January 2017 Deductibles | 2/15/2017 | 71,695.40 |
| February 2017 Deductibles | 3/15/2017 | 46,634.31 |
| March 2017 Deductibles | 4/15/2017 | 50,200.74 |
| April 2017 Deductibles | 5/15/2017 | 14,128.21 |
| May 2017 Deductibles | 6/15/2017 | 21,438.01 |
| June 2017 Deductibles | 7/15/2017 | 20,358.39 |
| July 2017 Deductibles | 8/15/2017 | 11,852.63 |
| August 2017 Deductibles | 9/15/2017 | 13,550.76 |
| September 2017 Deductibles | 10/15/2017 | 36,638.95 |
| October 2017 Deductibles | 11/15/2017 | 24,053.12 |
| November 2017 Deductibles | 12/15/2017 | 7,721.59 |
| December 2017 Deductibles | 1/15/2018 | 5,321.48 |
| January 2018 Deductibles | 2/15/2018 | 3,374.35 |
| February 2018 Deductibles | 3/15/2018 | 10,113.20 |
| March 2018 Deductibles | 4/15/2018 | 3,970.53 |
| April 2018 Deductibles | 5/15/2018 | 5,498.65 |
| May 2018 Deductibles | 6/15/2018 | 1,894.00 |
| June 2018 Deductibles | 7/15/2018 | 9,117.73 |
| Total Amount Due | | $1,054,920.98 |

Based on these facts, Synergy has moved for summary judgment in its favor. UPC has not disputed its liability under the Policies or the total amount due to Synergy in connection with Synergy's Motion for Summary Judgment. Indeed, UPC has not addressed Synergy's Motion for Summary Judgment in any manner. Consequently, the Court considers these facts undisputed for the purposes of Synergy's motion. *See* Fed. R. Civ. P. 56(e). Accordingly, the Court finds that Synergy has shown that UPC breached its contract, that there is no genuine dispute as to any material fact in this case, and that as a matter of law, Synergy is entitled to an award of its damages plus statutory pre-judgment interest pursuant to N.C. Gen. Stat. § 24-5(a) as measured from the date of each of the breaches recited in the chart above.

Signed: December 4, 2018

Graham C. Mullen
United States District Judge